**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-24198-CIV-MARTINEZ-OTAZO-REYES**

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

v.

CARLOS ARTURO ALMONTE-GOMEZ, M.D. a/k/a
CARLOS ALMONTE, A & C MEDICAL CENTER
SERVICES, CORP., REINIER RODRIGUEZ, ALAIN
OSORIO PEREZ, LMT, CARE & SERVICES OF
REHABILITATION, INC., VIVEK VIJAY TIRMAL,
M.D., VIOLETA HERNANDEZ, L.M.T. a/k/a VIOLETA
HERNANDEZ ARIAS, FOOT TREATMENT CENTER,
INC., GABRIEL WONG, L.M.T., SANDRA JULIETH
RODRIGUEZ, L.M.T., SIMPLY HEALTH CARE, INC.,
ELIZANDRO MENENDEZ, DON QUI PHAM, D.O.,
PILAR M. CRESPO CASTRO, L.M.T., SUNSET
MEDICAL NETWORK, INC., MARIA BORRAJO,
DENIA PELLITERO, L.M.T., and DANAIS REYES,
L.M.T.,

    Defendants.

## JOINT SCHEDULING REPORT

Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), and the appearing Defendants, Carlos Arturo Almonte-Gomez, M.D. a/k/a Carlos Almonte ("Almonte"), Alain Osorio Perez, L.M.T. ("Perez"), Care & Services of Rehabilitation, Inc. ("Care & Services"), Viveck Vijay Tirmal, M.D. ("Tirmal"), Simply Health Care, Inc. ("Simply Health"), Elizandro Menendez ("Menendez"), Pilar M. Crespo Castro, L.M.T. ("Castro"), Sunset

Medical Network, Inc. ("Sunset Medical"), Maria Borrajo ("Borrajo"), Denia Pellitero, L.M.T. ("Pellitero"), and Danais Reyes, L.M.T. ("Reyes")(collectively "Defendants")(collectively with Plaintiffs "the parties"), respectfully submit this Joint Scheduling Report and Proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule 16.1(b), and the Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Scheduling Order (Docket No. 9, 34).

1. **Proposed case management track.**

The parties propose that the case be assigned to the Complex Track as provided under Local Rule 16.1 (a)(2)(C).

2. **Likelihood of settlement.**

The parties believe at this time that settlement is unlikely. The parties will discuss settlement in good faith as this case progresses.

3. **Likelihood of appearance in the action of additional parties.**

The parties are unaware at this time of additional parties that may appear in this case. The parties reserve the right to amend the pleadings as necessary and seek to add parties based upon information learned in discovery.

4. **Proposed deadlines for joinder, amending the pleadings, motions, and to complete discovery.**

The parties' proposed deadlines to join other parties, amend the pleadings, file and hear motions, and to complete discovery are set forth in the proposed pretrial deadlines and trial date, which is attached as Exhibit 1.

    **5**.    **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of <u>motions for summary judgment or partial summary judgment</u>.**

The parties agree to work diligently to simplify the issues as the case progresses. The parties anticipate that they will each file a motion for judgment on the pleadings and/or summary judgment as appropriate and pursuant to the proposed deadlines in Exhibit 1.

    **6.**    <u>**Necessity or desirability of amendments to the pleadings**</u>**.**

Further amendments to the pleadings may be necessary. The parties will move to amend pleadings as necessary pursuant to the proposed deadline in Exhibit 1.

    **7.**    **Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, and the <u>need for advance rulings from the Court on admissibility of evidence</u>**.

The parties will in good faith attempt to obtain: (1) admissions of facts and of documents which will avoid unnecessary proof; and (2) stipulations regarding the authenticity of documents. The parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

    **8.**    <u>**Suggestions for the avoidance of unnecessary proof and cumulative evidence**</u>**.**

The parties will work together in good faith to enter into stipulations to avoid unnecessary proof and cumulative evidence.

    **9.**    <u>**Referring matters to a Magistrate Judge**</u>**.**

The parties do not consent to referral of dispositive motions to a Magistrate Judge. Nor do the parties elect to have this case proceed before a Magistrate Judge for trial. Pursuant to the Scheduling Conference Order, the parties' Magistrate Judge Jurisdiction Election Form is attached as Exhibit 2.

10. **Preliminary estimate of the time required for trial.**

The parties preliminarily estimate that twelve (12) days will be required for trial.

11. **Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The parties request that a pre-trial conference be scheduled at the Court's discretion. The proposed date for the filing of the Pretrial Stipulation and trial date are set forth on Exhibit 1.

12. **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The parties are unaware at this time of any issues regarding disclosure, discovery, preservation of electronically stored information ("ESI"), or privilege. If any issues arise, the parties will worth together in good faith to attempt resolve the dispute.

13. **Whether the trial will be jury or non-jury.**

The Plaintiffs have demanded a jury trial, and the parties agree that this matter shall be tried by a jury.

14. **An outline of the legal elements of each claim and defense raised by the pleadings.**

Plaintiffs have brought a total of 31 causes of action against the Defendants, which are comprised of seven different types of cause of action. Namely, these causes of action include: (i) claims for violation of Florida's Deceptive and Unfair Trade Practices Act under Fla. Stat. § 501.201 et. Seq; (ii) claims for violation of the Federal RICO Act under 18 USC §1962(c); (iii) claims for violation of the Federal RICO Act under 18 USC §1962(d); (iv) claims for violation of Florida's Civil Remedies for Criminal Practices Act under § 772.103 et. seq.; (v) claims for

4

common law fraud; (vi) claims for unjust enrichment; and (vii) a claim for a declaratory judgment.

Under GEICO's cause of actions for a violation of Florida's Deceptive and Unfair Trade Practices Act, GEICO has to establish by a preponderance of the evidence:

1) The Defendants engaged in a deceptive, unfair, or unconscionable act or practice in the course of any trade or commission; and

2) GEICO suffered injury or damage that was caused by the Defendants' unfair, deceptive, or unconscionable practice.

See Fla. Stat. §§ 501.201-501.204.

Under GEICO's cause of actions for a violation of the Federal RICO Act under 18 USC § 1962(c), GEICO has to establish by a preponderance of the evidence:

1) An enterprise existed;

2) The enterprise engaged in, or had some effect on, interstate or foreign commerce;

3) The Defendants were employed by or associated with the alleged enterprise;

4) The Defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and

5) The Defendants participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

See 18 USC § 1962(c); Eleventh Circuit Civil Pattern Jury Instructions, § 7.3. GEICO alleges that the Defendants' pattern of racketeering activity relates the Defendants acts of committing mail fraud under 18 USC § 1341. In order to prove that the Defendants committed mail fraud under 18 USC § 1341 for the purpose of GEICO's cause of action under 18 USC § 1962(c), GEICO has to establish by a preponderance of the evidence:

1) The Defendants knowingly devised or participated in a scheme to defraud GEICO by using false or fraudulent pretenses, representations, or promises;

    2)        the false or fraudulent pretenses, representations, or promises were about a material fact;

    3)        The Defendants intended to defraud GEICO; and

    4)        The Defendants used the United States Postal Service, or caused the United States Postal Service to be used, by mailing or causing to be mailed something meant to help carry out the scheme to defraud.

See 18 USC § 1341.

Under GEICO's cause of actions for a violation of the Federal RICO Act under 18 USC § 1962(d), GEICO has to establish by a preponderance of the evidence:

    1)        There was a violation of the Federal RICO Act under 18 USC § 1962(c); and

    2)        The Defendants engaged in a conspiracy with those who violated the federal RICO Act under 18 USC § 1962(c).

See 18 USC § 1962(d); Eleventh Circuit Civil Pattern Jury Instructions, § 7.4.

Under GEICO's cause of actions for a violation of Florida's Civil Remedies for Criminal Practices Act, GEICO has to establish by clear and convincing evidence:

    1)        The Defendants associated, directly or indirectly, with an enterprise; and

    2)        The Defendants conducted or participated in the enterprise through a pattern of criminal activity.

See Fla. Stat. §§ 772.103, 772.104. GEICO alleges that the pattern of criminal activity relates to the Defendants acts of committing insurance fraud under Fla. Stat. § 817.234(1)(a). In order to prove that the Defendants committed insurance fraud for the purpose of Florida's Civil Remedies for Criminal Practices Act, GEICO has to establish by clear and convincing evidence:

    1)        The Defendants presented or caused to be presented a written statement as part of, or in support of, a claim for payment from GEICO;

    2)        The Defendants did so with intent to injure, defraud, or deceive GEICO; and

    3)    The Defendants knew that such statement contained any false, incomplete, or misleading information concerning any fact or thing material to such claim.

See Fla. Stat. § 817.234(1)(a).

Under GEICO's cause of actions for common law fraud, GEICO has to establish by a preponderance of the evidence:

    1)    The Defendants made, or cause to be made a false or misleading statement of material fact;

    2)    The Defendants knew the statement was false or misleading at the time it was made, or made the statement knowing that the Defendants did not know whether the statement was true or false;

    3)    The Defendants intended that GEICO would rely on the false or misleading statement;

    4)    GEICO relied on the false or misleading statement; and

    5)    The false or misleading statement was a legal cause of loss or damage to GEICO.

See Florida Standard Jury Instructions in Civil Cases, § 409.7.

Under GEICO's cause of actions for unjust enrichment, GEICO has to establish by a preponderance of the evidence:

    1)    GEICO conferred a benefit on the Defendants, who have knowledge of the benefit;

    2)    The Defendants voluntarily accepted and retained the benefit conferred by GEICO; and

    3)    It would be unfair, or in opposition to the principles of what is considered to be fair and right, for Defendants to retain the benefit from GEICO.

See Florida Power Corp. v. City of Winter Park, 887 So.2d 1237, 1241 n.4 (Fla. 2004).

Under GEICO's cause of actions for a declaratory judgment, GEICO has to establish by a preponderance of the evidence:

    1)    There are currently unpaid no-fault insurance bills submitted to GEICO that have not been paid; and

    2)    Those no-fault insurance bills contained fraudulent, unlawful, or otherwise unreimbursable charges.

See 28 USC §§ 2201, 2202.

**15.** **A good faith estimate of the valuation of damages and other relief sought.**

As indicated in Plaintiffs' Complaint (Docket No. 1), Plaintiffs allege the following damages:

a) Under its First Cause of Action for a declaratory judgment, GEICO seeks a declaration that Care & Services, Simply Health, Sunset Medical, and two defaulted defendants have no right to receive payment for any pending bills submitted to GEICO;

b) Under its Second Cause of Action against Almonte and a defaulted defendant for violating 18 USC §1962(c), GEICO seeks damages in excess of $1,500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

c) Under its Third Cause of Action against Almonte, Perez, and a defaulted defendant for violating 18 USC §1962(d), GEICO seeks damages in excess of $1,500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

d) Under its Fourth Cause of Action against Almonte, Perez, and two defaulted defendants for violating Fla. Stat. § 501.201 et. seq., GEICO seeks damages in excess of $1,500,000.00, together with costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.211(2);

e) Under its Fifth Cause of Action against Almonte, Perez, and a defaulted defendant for violating Fla. Stat. § 772.103 et. seq., GEICO seeks damages in excess of $1,500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 772.104;

f) Under its Sixth Cause of Action against Almonte, Perez, and two defaulted defendants for common law fraud, GEICO seeks damages in excess of $1,500,000.00, together with punitive damages, costs, and interest.

g) Under its Seventh Cause of Action against Almonte, Perez, and two defaulted defendants for unjust enrichment, GEICO seeks damages in excess of $1,500,000.00, together with costs and interest.

h) Under its Eighth Cause of Action against Tirmal for violating 18 USC §1962(c), GEICO seeks damages in excess of $500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

i)     Under its Ninth Cause of Action against Almonte and Tirmal for violating 18 USC §1962(d), GEICO seeks damages in excess of $500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

j)     Under its Tenth Cause of Action against Care & Services, Almonte, and Tirmal for violating Fla. Stat. § 501.201 et. seq., GEICO seeks damages in excess of $500,000.00, together with costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.211(2);

k)     Under its Eleventh Cause of Action against Almonte, Tirmal, and a defaulted defendant for violating Fla. Stat. § 772.103 et. seq., GEICO seeks damages in excess of $500,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 772.104;

l)     Under its Twelfth Cause of Action against Care & Services, Almonte, Tirmal, and a defaulted defendant for common law fraud, GEICO seeks damages in excess of $500,000.00, together with punitive damages, costs, and interest.

m)     Under its Thirteenth Cause of Action against Care & Services, Almonte, Tirmal and a defaulted defendant for unjust enrichment, GEICO seeks damages in excess of $500,000.00, together with costs and interest.

n)     Under its Fourteenth Cause of Action against Almonte and a defaulted defendant for violating 18 USC §1962(c), GEICO seeks damages in excess of $900,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

o)     Under its Fifteenth Cause of Action against Almonte and two defaulted defendants for violating 18 USC §1962(d), GEICO seeks damages in excess of $900,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

p)     Under its Sixteenth Cause of Action against Almonte and three defaulted defendants for violating Fla. Stat. § 501.201 et. seq., GEICO seeks damages in excess of $900,000.00, together with costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.211(2);

q)     Under its Seventeenth Cause of Action against Almonte and two defaulted defendants for violating Fla. Stat. § 772.103 et. seq., GEICO seeks damages in excess of $900,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 772.104;

r)     Under its Eighteenth Cause of Action against Almonte and three defaulted defendants for common law fraud, GEICO seeks damages in excess of $900,000.00, together with punitive damages, costs, and interest.

s)   Under its Nineteenth Cause of Action against Almonte and three defaulted defendants for unjust enrichment, GEICO seeks damages in excess of $900,000.00, together with costs and interest.

t)   Under its Twentieth Cause of Action against Menendez for violating 18 USC §1962(c), GEICO seeks damages in excess of $700,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

u)   Under its Twenty-First Cause of Action against Almonte, Menendez, and Castro for violating 18 USC §1962(d), GEICO seeks damages in excess of $700,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

v)   Under its Twenty-Second Cause of Action against Simply Health, Almonte, Menendez, and Castro for violating Fla. Stat. § 501.201 et. seq., GEICO seeks damages in excess of $700,000.00, together with costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.211(2);

w)   Under its Twenty-Third Cause of Action against Almonte, Menendez, and Castro for violating Fla. Stat. § 772.103 et. seq., GEICO seeks damages in excess of $700,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 772.104;

x)   Under its Twenty-Fourth Cause of Action against Simply Health, Almonte, Menendez, and Castro for common law fraud, GEICO seeks damages in excess of $700,000.00, together with punitive damages, costs, and interest.

y)   Under its Twenty-Fifth Cause of Action against Simply Health, Almonte, Menendez, and Castro for unjust enrichment, GEICO seeks damages in excess of $700,000.00, together with costs and interest.

z)   Under its Twenty-Sixth Cause of Action against Borrajo and Almonte for violating 18 USC §1962(c), GEICO seeks damages in excess of $750,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

aa)  Under its Twenty-Seventh Cause of Action against Borrajo, Almonte, Pellitero, and Reyes, and Castro for violating 18 USC §1962(d), GEICO seeks damages in excess of $750,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to 18 USC § 1964(c) plus interest;

bb)  Under its Twenty-Eighth Cause of Action against Sunset Medical, Borrajo, Almonte, Pellitero, and Reyes for violating Fla. Stat. § 501.201 et. seq., GEICO seeks damages in excess of $750,000.00, together with costs and reasonable attorneys' fees pursuant to Fla. Stat. § 501.211(2);

cc) Under its Twenty-Ninth Cause of Action against Borrajo, Almonte, Pellitero, and Reyes for violating Fla. Stat. § 772.103 et. seq., GEICO seeks damages in excess of $750,000.00, together with treble damages, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 772.104;

dd) Under its Thirtieth Cause of Action against Sunset Medical, Borrajo, Almonte, Pellitero, and Reyes for common law fraud, GEICO seeks damages in excess of $750,000.00, together with punitive damages, costs, and interest.

ee) Under its Thirty-First Cause of Action against Sunset Medical, Borrajo, Almonte, Pellitero, and Reyes for unjust enrichment, GEICO seeks damages in excess of $750,000.00, together with costs and interest.

16. **The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.**

Some of the parties anticipate that they may require variance from the deposition and interrogatory limitations set forth by the Local Rule and/or Federal Rules of Civil Procedures.

17. **Any other information that might be helpful to the Court.**

The parties may seek to revise the proposed schedule, as appropriate, depending upon discovery in this case and the Court's rulings as this case progresses.

A complete service list is included with this Joint Scheduling Report pursuant to the Order requiring parties to meet and file a joint scheduling report. A list of the parties proposed pretrial deadlines and trial date is attached as Exhibit 1. The parties response to Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions is attached as Exhibit 2.

Respectfully submitted,

*/s/ John P. Marino*
Lindsey R. Trowell (FBN 678783)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger_@sgrlaw.com

and

Michael Vanunu (admitted pro hac vice)
New York Bar No. 4983953
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone (516) 357-3000
Facsimile (516) 357-3333
michael.vanunu@rivkin.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*


*/s/ Alejandro F. Hoyos*
Alejandro Francisco Hoyos
Alexis Gonzalez
The Law Office of Alexis Gonzalez, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, FL 33133
Phone: 305-223-9999
Fax: 305-223-1880
ahoyos@aglawpa.com
alexis@aglawpa.com

and

*/s/  Jorge Luis Fors*
Jorge Luis Fors
FORS | ATTORNEYS AT LAW
1108 Ponce De Leon Boulevard
Coral Gables, FL 33134
Phone: 305-448-5977
Fax: 446-1898
info@forslegal.com

*Attorneys for Defendants Danais Reyes, LMT and Denia Pellitero, LMT, Maria Borrajo, and Sunset Medical Network, Inc.*

*/s/ Thomas P. Murphy*
Thomas P. Murphy
555 NE 34th Street, Suite 603
Miami, Florida 33137
Phone: 305-978-5817
Fax: 305-438-9005
tmpmlawyer@hotmail.com.

*Attorneys for Defendants Care & Services of Rehabilitation, Inc. and Vivek Vijay Tirmal, M.D.*


*/s/ Stuart B. Yanofsky*
Stuart Barry Yanofsky
8551 W Sunrise Boulevard, Suite 210
Plantation, FL 33322
Phone: 954-473-0117
Fax: 954-473-0520
stuart@stuartyanofsky.com

*Attorneys for Defendant Elizandro Menendez, Pilar M. Crespo Castro, LMT, Simply Health Care, Inc.*

| | |
|---|---|
| Megha M. Mahajan<br>Mahajan Law, P.A.<br>16155 SW 117th Ave, Suite B6<br>Miami, FL 33177<br>Phone: (305) 971-7359<br>Fax: (305) 251-7889<br>megha@mahajanlawpa.com<br><br>*Attorneys for Defendant Carlos Arturo Almonte-Gomez, M.D.* | */s/ Louis V. Martinez*<br>Louis V. Martinez<br>Law Offices Of Louis V. Martinez<br>100 SE 2nd Street, Suite 3400<br>Miami, FL 33131<br>Phone: 305-375-9220<br>Fax: 305-375-8050<br>louisvmartinez@aol.com<br><br>*Attorneys for Defendant Alain Osorio Perez, LMT* |

## CERTIFICATE OF SERVICE

I certify that on April 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system.

*/s/ John P. Marino*
Attorney

## SERVICE LIST

Lindsey R. Trowell (FBN 678783)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger_@sgrlaw.com

and

Michael Vanunu (admitted pro hac vice)
New York Bar No. 4983953
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone (516) 357-3000
Facsimile (516) 357-3333
michael.vanunu@rivkin.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

Louis V. Martinez
Law Offices Of Louis V. Martinez
100 SE 2nd Street, Suite 3400
Miami, FL 33131
Phone: 305-375-9220
Fax: 305-375-8050
louisvmartinez@aol.com

*Attorneys for Defendant Alain Osorio Perez, LMT*

Alejandro Francisco Hoyos
Alexis Gonzalez
The Law Office of Alexis Gonzalez, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, FL 33133
Phone: 305-223-9999
Fax: 305-223-1880
ahoyos@aglawpa.com
alexis@aglawpa.com

and

Megha M. Mahajan
Mahajan Law, P.A.
16155 SW 117th Ave, Suite B6
Miami, FL 33177
Phone: (305) 971-7359
Fax: (305) 251-7889
megha@mahajanlawpa.com

*Attorneys for Defendant Carlos Arturo Almonte-Gomez, M.D.*

Jorge Luis Fors
FORS | ATTORNEYS AT LAW
1108 Ponce De Leon Boulevard
Coral Gables, FL 33134
Phone: 305-448-5977
Fax: 446-1898
info@forslegal.com

*Attorneys for Defendants Danais Reyes, LMT and Denia Pellitero, LMT, Maria Borrajo, and Sunset Medical Network, Inc.*

Stuart Barry Yanofsky
8551 W Sunrise Boulevard, Suite 210
Plantation, FL 33322
Phone: 954-473-0117
Fax: 954-473-0520
stuart@stuartyanofsky.com

*Attorneys for Defendant Elizandro Menendez, Pilar M. Crespo Castro, LMT, Simply Health Care, Inc.*

Thomas P. Murphy
555 NE 34th Street, Suite 603
Miami, Florida 33137
Phone: 305-978-5817
Fax: 305-438-9005
tmpmlawyer@hotmail.com.

*Attorneys for Defendants Care & Services of Rehabilitation, Inc. and Vivek Vijay Tirmal, M.D.*

## EXHIBIT 1

## Proposed Pretrial Deadlines and Trial Date

*November 4, 2019*   Joinder of Additional Parties and motions for class certification.

*December 6, 2019*   Parties shall exchange expert witness summaries and reports.

*December 20, 2019*   Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify.

*January 6, 2019*   Parties exchange rebuttal expert witness summaries and reports. Note: These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers (if a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of Attachment A).

*February 18, 2020*   All discovery, including expert discovery, shall be completed.

*February 28, 2020*   A mediator must be selected.

*March 20, 2020*   All summary judgment, *Daubert*, and other dispositive motions must be filed. A **minimum of eight (8) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.**

*May 1, 2020*   Mediation shall be completed.

*May 15, 2020*   All Pretrial Motions and Memoranda of Law must be filed.

*May 29, 2020*   Joint Pretrial Stipulation must be filed.

*May 29, 2020*   Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed.

*June 26, 2020*   Deposition designations must be filed.

*June 29, 2020*   Beginning of Trial Period.

*Not Applicable*   Additional deadlines (please specify).

## EXHIBIT 2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**CASE NO. 18-24198-CIV-MARTINEZ-OTAZO-REYES**

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

v.

CARLOS ARTURO ALMONTE-GOMEZ, M.D. a/k/a
CARLOS ALMONTE, A & C MEDICAL CENTER
SERVICES, CORP., REINIER RODRIGUEZ, ALAIN
OSORIO PEREZ, LMT, CARE & SERVICES OF
REHABILITATION, INC., VIVEK VIJAY TIRMAL,
M.D., VIOLETA HERNANDEZ, L.M.T. a/k/a VIOLETA
HERNANDEZ ARIAS, FOOT TREATMENT CENTER,
INC., GABRIEL WONG, L.M.T., SANDRA JULIETH
RODRIGUEZ, L.M.T., SIMPLY HEALTH CARE, INC.,
ELIZANDRO MENENDEZ, DON QUI PHAM, D.O.,
PILAR M. CRESPO CASTRO, L.M.T., SUNSET
MEDICAL NETWORK, INC., MARIA BORRAJO,
DENIA PELLITERO, L.M.T., and DANAIS REYES,
L.M.T.,

    Defendants.

### ELECTION TO JURISDICTION BY A UNITED STATES
### MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

    In accordance with the provisions of 28 USC §636(c), the undersigned parties to the above captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs                          Yes _____ No __**X**__

2. Motions for Attorney's Fees                Yes _____ No __**X**__

3. Motions for Sanctions                      Yes _____ No __**X**__

4. Motions to Dismiss                         Yes _____ No __**X**__

5. Motions for Summary Judgment               Yes _____ No __**X**__

6. Discovery                                  Yes __**X**__ No _____

7. Other (specify) _____*not applicable*_____

|  |  |
|---|---|
| 4/3/2019 <br> (Date) | /s/ *John P. Marino* <br> (*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*) |
| 4/3/2019 <br> (Date) | /s/ *Jorge Luis Fors* <br> (*Attorneys for Defendants Danais Reyes, LMT and Denia Pellitero, LMT, Maria Borrajo, and Sunset Medical Network, Inc.*) |
| 4/3/2019 <br> (Date) | /s/ *Thomas P. Murphy* <br> (*Attorneys for Defendants Care & Services of Rehabilitation, Inc. and Vivek Vijay Tirmal, M.D.*) |
| 4/3/2019 <br> (Date) | /s/ *Stuart B. Yanofsky* <br> (*Attorneys for Defendant Elizandro Menendez, Pilar M. Crespo Castro, LMT, Simply Health Care, Inc.*) |
| 4/3/2019 <br> (Date) | /s/ *Alejandro F. Hoyos* <br> (*Attorneys for Defendant Carlos Arturo Almonte-Gomez, M.D.*) |
| 4/3/2019 <br> (Date) | /s/ *Louis V. Martinez* <br> (*Attorneys for Defendant Alain Osorio Perez, LMT*) |

.