UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 18-24198-CIV-MARTINEZ

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, *et al.*,

    PlaintiffS,

v.

A&C MEDICAL CENTER
SERVICES, CORP, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

THIS MATTER is before the Court on three motions to dismiss filed by Defendants Care and Services Rehabilitation, Inc. and Vivek Vijay Tirmal, M.D.; Sunset Medical Network, Inc., Denia Pellitero, L.M.T., and Danais Reyes, L.M.T.;[1] and Alain Osorio Perez, L.M.T., respectively. [ECF Nos. 25, 36, 44]. Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company filed opposition responses, and all movants, except Alain Osorio Perez, filed replies. [ECF Nos. 35, 37, 42, 46, 80]. For the reasons stated below, the Court **grants in part** and **denies in part** the motions to dismiss.

Plaintiffs, which issue auto-insurance policies under the GEICO name, allege here that five medical clinics and the individuals associated with them submitted $4.35 million of fraudulent insurance claims for "medically unnecessary, illusory, unlawful, and otherwise unreimbursable

---

[1] The Sunset Medical Defendants also moved for a more definite statement under Federal Rule of Civil Procedure 12(e). But they admit that they did not comply with the conferral requirements under Local Rule 7.1(a). [ECF No. 80, p. 6]. Therefore, the Court will not consider that part of the motion.

healthcare services, including initial examinations, follow-up examinations, and physical therapy services. . . ." [ECF No. 1 ¶ 1]. At bottom, GEICO claims the clinics lacked the licenses to collect no-fault insurance benefits; unlawfully billed for services done by massage therapists who were not supervised by a doctor or licensed physical therapist; lied about having a legitimate medical director and about his or her work and supervision; and inflated the degree of the clients' injuries and their need for treatment, and then overbilled for unnecessary examinations and therapies.

GEICO raises 31 counts, which include claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and the Civil Remedies for Criminal Practices Act (CRCPA), as well as for common law fraud, declaratory judgment, and unjust enrichment. GEICO named 18 Defendants, among them five medical clinics, the clinics' owners, the clinics' alleged medical directors, and the clinics' massage therapists. But GEICO has since voluntarily dropped from this case two doctors and one massage therapist, mooting one motion to dismiss. [ECF Nos. 54, 92, 95, 105, 109, 112–13].

The movants offer several grounds for dismissal, some of which are the same from motion to motion. First, movants argue that GEICO failed in various ways to allege a RICO claim—such as, for example, by not asserting a RICO "enterprise" that is separate from a RICO "person" or by not fleshing out the alleged RICO conspiracy. Second, movants argue that the complaint is an impermissible "shotgun" pleading. Third, movants argue that there is no basis for a declaratory-judgment action. Fourth, movants argue that GEICO fails to plead certain counts with particularity, as Federal Rule of Civil Procedure 9(b) requires. Fifth, movants argue that there is no basis for an unjust enrichment claim. Sixth, movants argue that FDUTPA does not apply to persons or activities regulated by the Office of Insurance Regulation of the Financial Services Commission.

This case is not unique: GEICO and other insurers have filed similarly massive PIP-fraud

lawsuits in this district and beyond. GEICO persuasively shows, and the movants do not refute, that several courts, including this one, have already rejected the dismissal arguments the movants raise here. *See, e.g., Gov't Employees Ins. Co. v. DG Esthetic & Therapy Ctr., Inc.*, No. 18-20921-CIV-Altonaga (S.D. Fla. June 1, 2018), ECF Nos. 21, 29, 31; *Gov't Employees Ins. Co. v. Quality Diagnostic Health Care, Inc.*, 369 F. Supp. 3d 1292 (S.D. Fla. 2019) (Martinez, J.); *Gov't Employees Ins. Co. v. Alternative Medical Center of Florida, Inc.*, No. 16-24035-CIV-Scola (S.D. Fla. June 30, 2017), ECF No. 17. The Court will not reinvent the wheel here and thus denies the motions to dismiss in large part.

The Court, however, will grant the motions to dismiss in one respect: the complaint should be shorter—much shorter. The complaint totals 993 pages, consisting of 349 pages of allegations and 1,261 numbered paragraphs. The culprit behind the complaint's length is not the number of defendants and counts, but GEICO's penchant for repetition and addition of unnecessary legal authority. GEICO essentially spliced together five complaint/summary-judgment hybrids, repeating many background allegations that could have been included as common facts and incorporating a virtual treatise on the state of Florida PIP law. Florida Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, the particularity requirement under Rule 9(b) does not excuse a lack of editing for efficiency. Lastly, an amended complaint will clean up the pleadings given that three persons are no longer Defendants in the case.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. The motions to dismiss [ECF Nos. 25, 36, 44] are **GRANTED in part** and **DENIED in part**.

2. Within 14 days from this order, Plaintiffs must file an amended complaint of no

more than 50 pages, exclusive of exhibits.

3. Because the Court rejects Defendants' substantive arguments, they must answer the amended complaint within 10 days of its filing.

DONE AND ORDERED in Chambers at Miami, Florida, this __7__ day of August, 2019.

```
                                    _____
                                    JOSE E. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE
```

Copies provided to:
All Counsel of Record