UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24198-CIV-MARTINEZ/AOR

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO.,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

SIMPLY HEALTH CARE, INC.,
ELIZANDRO MENENDEZ,
PILAR CRESPO CASTRO, L.M.T., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "Plaintiffs") Motion for Discovery Sanctions [D.E. 146]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 147]. The Court held a hearing on this matter on February 27, 2020 [D.E. 154]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Motion for Discovery Sanctions be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 11, 2018, Plaintiffs filed a Complaint asserting causes of action against a number of defendants, including Simply Health Care, Inc., Elizandro Menendez, and Pilar Crespo Castro, L.M.T. (collectively, the "Simply Health Defendants"). See Compl. [D.E. 1].

Therein, Plaintiffs allege that they are seeking to recover more than $4,350,000.00 "that Defendants wrongfully obtained from GEICO by submitting, and causing to be submitted, thousands of fraudulent no-fault . . . insurance charges" relating to medically unnecessary health care services "that purportedly were provided to Florida automobile accident victims . . . who were eligible for coverage under GEICO no-fault insurance policies." Id. at 1-2.[1]

On June 19, 2019, Plaintiffs filed a Motion to Compel Discovery (hereafter, "Motion to Compel") [D.E. 106] alleging that the Simply Health Defendants failed to serve Plaintiffs with: (1) responses to Plaintiffs' discovery requests, which were propounded on April 18, 2019; and (2) their initial disclosures. See Motion to Compel [D.E. 106 at 2-3]. On September 16, 2019, after a hearing on the matter [D.E. 126], the Court granted Plaintiffs' Motion to Compel and ordered the Simply Health Defendants to "fully respond, without objections, to Plaintiffs' outstanding discovery requests and serve their initial disclosures within 20 days from the date of [that] Order." See September 16, 2019 Order [D.E. 127 at 2].

On November 15, 2019, Plaintiffs filed the Motion for Discovery Sanctions requesting that, pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereafter, "Rule 37"), the Court impose the following sanctions on the Simply Health Defendants for failing to comply with the Court's September 16, 2019 Order: (1) striking their Answer to Amended Complaint and Affirmative Defenses (hereafter, "Answer") [D.E. 128]; and (2) entering a default judgment against them. See Motion for Discovery Sanctions [D.E. 146 at 1, 6-8].

The Simply Health Defendants failed to file a response to the Motion for Discovery Sanctions; accordingly, on December 4, 2019, the Court ordered the Simply Health Defendants to, within 20 days from the date of that Order: (1) show cause why the Motion for

---

[1] Plaintiffs amended their Complaint on August 21, 2019. See Am. Compl. [D.E. 120].

2

Discovery Sanctions should not be granted; or (2) file a response in opposition to the Motion for Discovery Sanctions by the same date. See Order to Show Cause [D.E. 148]. The Simply Health Defendants did not comply with the Court's Order to Show Cause.

On February 25, 2020, Counsel for the Simply Health Defendants (hereafter, "Counsel") filed his Motion to Withdraw as Counsel (hereafter, "Motion to Withdraw") [D.E. 152]. Therein, Counsel requested that the Court permit his withdrawal because: (1) he "has been consistently unable to reach the Simply Health [] Defendants in order to obtain cooperation in the preparation of discovery responses or to discuss strategy in the representation of their interests in this matter"; and (2) the attorney that referred Counsel the matter "has met with similar inability to obtain the necessary cooperation to participate meaningfully in discovery and in their continued representation in this matter." See Motion to Withdraw [D.E. 152 at 2]. Counsel stated that he "cannot represent [the Simply Health Defendants] in an adequate or effective manner" because of "the consistent inability to obtain cooperation from the clients[.]" Id.

At the February 27, 2020 hearing on the Motion for Discovery Sanctions, the Court was advised that the Simply Health Defendants still had failed to comply with the Court's September 16, 2019 Order [D.E. 127] and the Court's Order to Show Cause [D.E. 148].

## DISCUSSION

"The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). When a party "fails to obey an order to provide or permit discovery" Rule 37(b)(2)(A) authorizes the court to impose a wide range of sanctions upon the disobeying party, including:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)   dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(a). To impose the sanction of striking a defendant's answer, the court must find that the defendant's disobedience was due to "willfulness and/or bad faith." See Dawson v. Carnival Cruise Lines, Inc., No. 11-CV-23428, 2012 WL 13013174, at *2 (S.D. Fla. June 19, 2012) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)). The court must also find that lesser sanctions will not suffice. See Phadael v. Glob. Legal Sols., Inc., No. 09-CV-81194, 2010 WL 11647531, at *1 (S.D. Fla. Mar. 4, 2010) (citing Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1375 (11th Cir. 1999)).

Here, the undersigned finds that the sanction of striking the Simply Health Defendants' Answer is appropriate. Such an extreme sanction is warranted because the Simply Health Defendants' have displayed a flagrant disregard for the Court and the discovery process in that they: (1) have had ample opportunity to comply with the Court's September 16, 2019 Order but made no effort to do so; (2) have failed to cooperate with Counsel to comply with the Court's September 16, 2019 Order—which resulted in the filing of the Motion to Withdraw; (3) have failed to file a response to Plaintiffs' Motion for Discovery Sanctions, even after the

4

Court issued its Order to Show Cause; and (4) have not attempted to provide any explanation to justify their disobedience. Therefore, the undersigned finds that the Simply Health Defendants' disobedience was due to willfulness and bad faith and that a lesser sanction is not sufficient. See, e.g., Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (affirming the district court's striking of the defendant's answer as a sanction when the defendant "disregarded the court's order to compel discovery, and ignored even oral warning of the implications of failure to cooperate in discovery.").

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Motion for Discovery Sanctions [D.E. 146] be **GRANTED IN PART** and that the Simply Health Defendants' Answer [D.E. 128] be **STRICKEN**.[2]

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 4th day of March, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs may thereafter seek the entry of Default and Default Judgment against the Simply Health Defendants. See Fed. R. Civ. P. 55(a), (b).

cc: United States District Judge Jose E. Martinez
      Counsel of Record