**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-24198-CIV-MARTINEZ-OTAZO-REYES**

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

                      vs.

A & C MEDICAL CENTER SERVICES, CORP.,
REINIER RODRIGUEZ, ALAIN OSORIO PEREZ, LMT,
CARE & SERVICES OF REHABILITATION, INC.,
VIVEK VIJAY TIRMAL, M.D., VIOLETA
HERNANDEZ, L.M.T. a/k/a VIOLETA HERNANDEZ
ARIAS, FOOT TREATMENT CENTER, INC.,
GABRIEL WONG, L.M.T., SIMPLY HEALTH CARE,
INC., ELIZANDRO MENENDEZ, PILAR M. CRESPO
CASTRO, L.M.T., SUNSET MEDICAL NETWORK,
INC., MARIA BORRAJO, DENIA PELLITERO, L.M.T.,
and DANAIS REYES, L.M.T.,

    Defendants.

_____

**PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM FOR**
**DEFAULT FINAL JUDGMENT**

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), respectfully move for entry of default final judgments against Defendants A & C Medical Center Services, Corp. ("A&C Medical"), Foot Treatment Center, Inc. ("Foot Treatment"), Reinier Rodriguez ("Rodriguez"), Gabriel Wong, LMT ("Wong"), Simply Health Care, Inc. ("Simply Health"), Elizandro Menendez ("Menendez"), and Pilar M. Crespo Castro, LMT ("Castro") (collectively the "Defaulting Defendants").

Specifically, GEICO seeks default final judgments against the Defaulting Defendants with respect to:

(i) the First Cause of Action against A&C Medical, Foot Treatment, and Simply Health (collectively the "Defaulting Clinic Defendants") for a declaratory judgment;

(ii) the Fourth Cause of Action against A&C Medical and Rodriguez (the "A&C Medical Defendants") for violation of Florida's Deceptive and Unfair Trade Practices Act (the "FDUTPA", Fla. Stat. 501.201 et. seq.);

(iii) the Sixth Cause of Action against the A&C Medical Defendants for common law fraud;

(iv) the Seventh Cause of Action against the A&C Medical Defendants for unjust enrichment;

(v) the Sixteenth Cause of Action against Defendants Foot Treatment, Rodriguez, and Wong (the "Foot Treatment Defendants") for violation of the FDUTPA;

(vi) the Eighteenth Cause of Action against the Foot Treatment Defendants for common law fraud;

(vii) the Nineteenth Cause of Action against the Foot Treatment Defendants for unjust enrichment;

(viii) the Twenty-Second Cause of Action against Defendants Simply Health, Menendez, and Castro (the "Simply Health Defendants") for violation of the FDUTPA;

(ix) the Twenty-Fourth Cause of Action against the Simply Health Defendants for common law fraud; and

    (x)    the Twenty-Fifth Cause of Action against the Simply Health Defendants for unjust enrichment.[1]

The grounds and authority for this motion are set forth in the following memorandum, which is incorporated as part of this motion.

## **RELEVANT FACTS**

### I. **Relevant Procedural History**

GEICO commenced this action on October 11, 2018 against the Defaulting Defendants and their co-Defendants. See Docket No. 1. Foot Treatment and Wong's defaults were entered on December 27, 2018. See Docket Nos. 60-61. Rodriguez's default was entered on January 28, 2019. See Docket No. 83. A&C Medical's default was entered on March 15, 2019. See Docket No. 97. The Simply Health Defendants' default was entered on April 9, 2020. See Docket No. 171.

### II. **GEICO's Claims Against the Defaulting Defendants**

The facts supporting the claims and the damages sought in this action are set forth more fully in the Amended Complaint, the Declaration of Justin Oliva ("Oliva Decl." attached as Exhibit "1"), and the Declaration of Michael Vanunu ("Vanunu Decl." attached as Exhibit "2") that accompany this motion. GEICO respectfully refers the Court to those materials for the full contours of the Defaulting Defendants' fraudulent schemes.

Briefly, however, GEICO alleges in this action that the Foot Treatment Defendants, the A&C Medical Defendants, and the Simply Health Defendants submitted a massive amount of fraudulent no-fault ("personal injury protection" or "PIP") insurance billing to GEICO through Foot Treatment, A&C Medical, and Simply Health, respectively. See Docket No. 120, passim. As set forth in detail in the Amended Complaint, all of this PIP billing falsely represented that the underlying healthcare services were lawfully provided, lawfully billed to GEICO, and were eligible for reimbursement under Florida's no-fault insurance laws. Id. In fact, the healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because: (i) the vast majority of the purported "physical therapy" services that were billed through the Defaulting Clinic Defendants were performed – to the extent that they were performed at all – by

---

[1] GEICO also asserted various civil RICO claims and claims under Florida's Civil Remedies for Criminal Practices Act against the Defaulting Defendants in its Second, Third, Fifth, Fourteenth, Fifteenth, Seventeenth, Twentieth, Twenty-First, and Twenty-Third Cause of Actions. However, GEICO is not seeking final default judgment against the Defaulting Defendants on its civil RICO or Civil Remedies for Criminal Practices Act claims,

2

unsupervised massage therapists, and Florida law precludes PIP reimbursement for massage or for services performed by unsupervised massage therapists (see id., ¶¶ 14-20); (ii) to create the false appearance that the putative "physical therapy" services were eligible for PIP reimbursement, the Defaulting Defendants falsely represented that the services had been performed under the direct supervision of a licensed physician (see id.); and (iii) the billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases falsely represented that the pertinent healthcare services actually had been performed in the first instance. Id., ¶¶ 21-65.

Relatedly, all of this PIP insurance billing falsely represented that the Defaulting Clinic Defendants – purported Florida healthcare clinics – were operating in compliance with the licensing requirements set forth in the Florida Health Care Clinic Act (the "Clinic Act", Fla. Stat. § 400.990 et seq.), and therefore were eligible to collect PIP insurance benefits in the first instance. See Docket No. 120, ¶¶ 66-70. In fact, the Defaulting Clinic Defendants were not operating in compliance with the Clinic Act, and were not eligible to receive PIP insurance benefits, because they did not have legitimate medical directors who legitimately fulfilled their statutory duties as medical directors, including the obligation to systematically review clinic billing to ensure that it was not fraudulent or unlawful, and to ensure that everyone performing healthcare services at the clinics was properly licensed. See id.

Based on these allegations, GEICO asserts claims against the Defaulting Defendants for, among other things, violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), common law fraud, and unjust enrichment. See Docket No. 120, ¶¶ 76, et seq. Through these claims, GEICO seeks to recover the money it already has paid on the fraudulent PIP billing that the Defaulting Defendants submitted, or caused to be submitted, through the respective Defaulting Clinic Defendants to GEICO. In addition, GEICO seeks a declaratory judgment, to the effect that the Defaulting Clinic Defendants may not collect on any of its outstanding PIP insurance billing, because of the fraud alleged in the Amended Complaint. See id.

### III. GEICO's Damages

As set forth in the accompanying Oliva Decl., GEICO paid:

(i) $806,341.03 in reliance on the fraudulent and unlawful PIP charges submitted through A&C Medical;

(ii) $282,366.49 in reliance on the fraudulent and unlawful PIP charges submitted through Foot Treatment; and

 (iii) $459,792.37 on the fraudulent and unlawful PIP charges submitted through Simply Health.

 In addition, and as set forth in the Oliva Decl., the Defaulting Clinic Defendants have submitted a substantial amount of PIP billing to GEICO that has not been paid, and are actively pursuing collection of much of this billing, despite their defaults in the present insurance fraud action. See Oliva Decl. ¶¶ 12-14.

## MEMORANDUM OF LAW

### I. The Standards on This Motion

 Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court "must" enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). As discussed above, defaults have been entered against the Defaulting Defendants.

 This Court can enter a default judgment when the well-pleaded allegations in a complaint adequately state a claim for which relief may be granted. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009); Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 760, 863 (11th Cir. 2007); State Farm Mutual Auto. Ins. Co. v. Advance Medical Assoc., 2018 WL 7144244 *1 (S.D. Fla. December 20, 2018). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of act." TracFone Wireless, Inc., 196 F. Supp.3d at 1294 (S.D. Fla. 2016) (quoting Eagle Hosp. Physicians, LLC, 561 F.3d at 1307).

 "A default judgment awarding damages may be entered without a hearing where the amount claimed is a liquidated sum or one capable of mathematical calculation." TracFone Wireless, Inc., 196 F. Supp.3d at 1302 (quotations omitted)(quoting Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543–44 (11th Cir.1986). In determining GEICO's proof of damages, the Court may consider, among other things, the Oliva Decl., submitted herewith, which describes the monies voluntarily paid to the Defaulting Defendants.

 Consistent with these standards, and as set forth below, the facts pleaded are legally sufficient to state GEICO's claims against the Defaulting Defendants for declaratory judgment, violation of the FDUTPA, common law fraud, and unjust enrichment. In the accompanying declarations and exhibits annexed thereto, GEICO has set forth sufficient proof that a hearing is not required and that damages can be determined by mathematical calculations.

## II. GEICO is Entitled to Default Final Judgments Against the Defaulting Defendants

This Court should enter default final judgments against the Defaulting Defendants because the well-pleaded allegations in the Amended Complaint sufficiently state claims for which relief can be granted against the Defaulting Defendants on GEICO's declaratory judgment, FDUTPA, common law fraud, and unjust enrichment causes of action.

### A. GEICO is Entitled to a Default Judgment on its First Cause of Action for a Declaratory Judgment

GEICO has sufficiently stated facts to support its Declaratory Judgment claim against the Defaulting Clinic Defendants. As detailed above, the Amended Complaint sufficiently alleges that the Defaulting Clinic Defendants were never – and are not – entitled to collect PIP benefits because they operated in violation of the Clinic Act, billed for healthcare services that were performed by unsupervised masseuses, and misrepresented the nature and extent of the underlying healthcare services, and whether they were performed in the first instance.

Numerous courts within the 11th Circuit have permitted a plaintiff-insurer to obtain a declaratory judgment to the effect that it is not liable to pay outstanding PIP bills as a result of a healthcare provider's fraud or violations of Florida law. See, e.g., Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1330 (11th Cir. 2016) (holding if a plaintiff-insurer showed that a Clinic was operating in violation of the Clinic Act then the plaintiff-insurer is "entitled to recover the amounts it paid to the [Clinic] and obtain a declaratory judgment that it is not required to pay the [Clinic] for outstanding bills that originated during the violation period"); State Farm Fire & Cas. Co. v. Silver Star Health & Rehab, 739 F.3d 579, 584 (11th Cir. 2013)( "[u]nder Florida law State Farm was entitled to seek a judicial remedy to recover the amounts it paid [to a Clinic operating in violation of the Clinic Act] and to obtain a declaratory judgment that it is not required to pay [the Clinic] the amount of the outstanding bills").

It is absolutely appropriate for a district court to issue a declaration as part of a default final judgment to the effect that a plaintiff-insurer it is not liable to pay outstanding bills for PIP benefits submitted by a Clinic where the Clinic was operating in violation of the Clinic Act. See, e.g., State Farm Mutual Auto. Ins. Co. v. Miami Med. Care Cntr., Inc., 2016 WL 6962872 (S.D. Fla. November 29, 2016)(granting default final judgment in favor of State Farm that included a declaration that State Farm was not obligated to pay PIP benefits because the defendants were not in compliance with the Clinic Act); A & J Med. Cntr Inc., 2015 WL 4387946 (S.D. Fla. June 24,

2015)(granting default final judgment in favor of State Farm that included a declaration that State Farm was not obligated to pay PIP Benefits for bills submitted by the defendants that have not been paid because the defendants failed to abide by the medical director requirements of the Clinic Act and submitted billing to State Farm that was false, misleading, and deceptive). It likewise is appropriate for a district court to issue a declaration to the effect that a plaintiff-insurer is not liable to pay outstanding charges for PIP benefits when the charges were either upcoded and misrepresented the nature and extent of the examinations or were for physical therapy services performed by unsupervised massage therapists. See Quality Diagnostic Health Care, Inc., supra, 1:18-cv-20101-JEM, Docket No. 125 (granting summary judgment in favor of GEICO, which included a declaration that GEICO need not pay any pending charges from the defendant-healthcare clinic because the examination charges were upcoded and misrepresented the nature and extent of the physical examinations, and the physical therapy charges were for services unlawfully performed by an unsupervised massage therapist).

As set forth in the Oliva Decl., the Defaulting Clinic Defendants have submitted a substantial amount of PIP billing to GEICO that has not been paid, and are actively pursuing collection of much of this billing, despite their defaults in the present insurance fraud action. There obviously is a genuine case or controversy with respect to this billing. Accordingly, GEICO respectfully submits that the Court should issue a declaratory judgment that the Defaulting Clinic Defendants have no right to receive payment for any pending bills submitted to GEICO because of the fraudulent and unlawful activity described herein.

**B.     GEICO is Entitled to Default Judgment on its FDUTPA Causes of Action**

It is clear that a plaintiff-insurer may recover damages under the FDUTPA based on evidence that a defendant misrepresented a Clinic's compliance with the Clinic Act, the nature and extent of healthcare services, and the medical necessity of healthcare services. See, e.g., State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C., 9 F. Supp.3d 1303, 1313 (M.D. Fla. 2014)(observing that the FDUTPA is to be "liberally construed" and rejecting motion to dismiss plaintiff-insurer's FDUTPA claims based on PIP fraud scheme). In this context, GEICO has sufficiently alleged facts that support its claims that the Defaulting Defendants violated FDUTPA.

To state a claim under FDUTPA, a plaintiff must show: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc., 232 F. Supp.3d 1257, 1268 (S.D. Fla. 2017). In this context, "[a] deceptive act or

6

practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id. (Internal quotations and citation omitted). "Fraudulent conduct in the context of billing for PIP benefits qualifies as a deceptive act for purposes of FDUTPA." Id. (Internal quotations and citations omitted).

In the present case, the Defaulting Defendants conduct was deceptive because it was likely to – and did – mislead GEICO into believing that it had an obligation to pay the Defaulting Clinic Defendants' bills for PIP benefits. Moreover, the Defaulting Defendants' deceitful conduct amounted to unfair practices because: (i) it offended established public policy, as set forth in the Clinic Act's medical director requirements, the PIP billing standards set forth in the No-Fault Law, and the physical therapy licensing law that prohibits unsupervised massage therapists from performing physical therapy; and (ii) it was unscrupulous and substantially injurious to consumers – not only GEICO, but also the patients who visited the Defaulting Clinic Defendants who expected legitimate treatment and then received – among other things – physical therapy services that were unlawfully performed by unsupervised masseuses under the auspices of fake "medical directors".

As set forth in the Oliva Decl., GEICO was actually damaged as the result of this conduct because it paid many of the Defaulting Clinic Defendants bills for PIP benefits in reliance on the fraudulent and unlawful claims.

Accordingly, GEICO has shown its entitlement to default final judgment on its FDUTPA claims. See State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc., 232 F. Supp. 3d at 1268-1269 (granting summary judgment on FDUTPA claim, where the defendant "engaged in unfair and deceptive acts and practices . . . by unlawfully operating [a] medical clinic[] to obtain payments for PIP benefits that State Farm had a statutory right to deny as unlawfully rendered", and where "[t]hese deceptive acts and practices resulted in harm to Plaintiffs, Plaintiffs' insureds, and the public as a whole.")(Internal quotations and citations omitted).

**C. GEICO is Entitled to Default Judgment on its Common Law Fraud Causes of Action**

GEICO's Complaint and Amended Complaint sufficiently allege facts to show that GEICO is entitled to default final judgment on its cause of actions for common law fraud. To establish a prima facie case of common law fraud, a plaintiff must show "(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time of the misrepresentation is made that the state is false; (3) an intention that the misrepresentation induce

7

another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury." MeterLogic, Inc. v. Copier Solutions, Inc., 126 F.Supp.2d 1346, 1363 (S.D. Fla. 2000); see also State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., 2011 WL 6450769 (M.D. Fla. December 21, 2011); Allstate Ins. Co. v. Palterovich, 653 F. Supp.2d 1306, 1322-1323 (S.D. Fla. 2009).

As described above, the Defaulting Defendants submitted bills to GEICO containing various types of fraudulent misrepresentations. By defaulting, the Defaulting Defendants have admitted that their bills submitted to GEICO included these misrepresentations. The well-pleaded facts in GEICO's Amended Complaint – admitted as the result of the Defaulting Defendants' defaults – likewise establish their scienter, and GEICO's justifiable reliance. The Oliva Decl. sets forth the damages GEICO suffered as the result of GEICO's reliance on the Defaulting Defendants' misrepresentations.

Therefore, GEICO is entitled to default judgment on its claims for common law fraud against the Defaulting Defendants. See Allstate Ins. Co. v. Palterovich, 653 F. Supp. 2d at 1322-1324 (granting default final judgment in favor of the plaintiff-insurer on its common-law fraud claim where defendants were submitted bills to the plaintiff-insurer that misrepresented their entitlement to receive PIP benefits because the healthcare services were either medically unnecessary or never performed); Quality Diagnostic Health Care, Inc., supra, 1:18-cv-20101-JEM, Docket No. 125 (granting summary judgment on GEICO's common law fraud cause of action because the bills submitted to GEICO for PIP benefits contained charges that misrepresented the nature and extent of patient examinations).

**D.     GEICO is Entitled to Default Judgment on its Unjust Enrichment Causes of Action**

GEICO's Amended Complaint also sufficiently states facts to support its causes of action against the Defaulting Defendants for unjust enrichment. To state a claim for unjust enrichment, GEICO must allege that: "(1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances making it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value." A & J Med. Cntr., Inc., 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015)(citing Alvarez v. Royal Caribbean Cruises, Ltd., 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012).

8

As described in detail in the Amended Complaint, the Defaulting Defendants received monies from GEICO as a direct result of their submission of bills for PIP benefits containing fraudulent misrepresentations. The Defaulting Defendants were never eligible to collect PIP benefits because they operated in violation of the Clinic Act, billed GEICO for "physical therapy" services performed by unsupervised masseuses, and misrepresented the nature, extent, and results of their examinations, as well as whether they actually were performed in the first place.

Therefore, GEICO is entitled to default final judgment on its claims for unjust enrichment. See State Farm Mut. Auto. Ins. Co. v. First Care Solution, Inc., 232 F. Supp. 3d 1257, 1268 (S.D. Fla. 2017)(granting plaintiff-insurer summary judgment on unjust enrichment claim, where facts in the record demonstrated that healthcare clinic operated in violation of the Clinic Act, and therefore was not eligible to receive PIP benefits in the first instance); State Farm Mut. Ins. Co. v. Miami Med. Cntr., Inc., 2016 WL 6962872 at *5 (S.D. Fla. November 29, 2016) (granting default final judgment on plaintiff's unjust enrichment claims because the Defendants knowingly accepted PIP benefits based on bills for services that were not lawfully provided as required by Florida law); Quality Diagnostic Health Care, Inc., supra, 1:18-cv-20101-JEM, Docket No. 125 (granting summary judgment on GEICO's unjust enrichment cause of action because the defendant-clinic was not entitled to receive PIP benefits as the charges for patient examinations were upcoded, and the charges for physical therapy services were performed by an unsupervised massage therapist); A & J Med. Cntr., Inc., 2015 WL 4387946 at *4 (S.D. Fla. June 24, 2015) (granting default final judgment against the defendants on State Farm's unjust enrichment claims for PIP benefits received by the defendants when the defendants provided healthcare services that were not in compliance with Florida law).

**III.     GEICO is Entitled to Prejudgment Interest**

As set forth in the Oliva Decl., by reviewing the history of payments made to each of the Defaulting Clinic Defendants, GEICO was able to determine the voluntary payments that it made to the Defaulting Clinic Defendants in reliance on the Defaulting Defendants' fraudulent and unlawful PIP billing.

In this context, GEICO is entitled to prejudgment interest against all of the Defaulting Defendants on its FDUTPA, common law fraud, and unjust enrichment causes of action. The general rule under Florida law is that "a plaintiff is entitled to prejudgment interest as a matter of law." SEB S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir.2007) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985)). Under Florida law, where there is no

contract rate establishing the appropriate interest rate, the interest rate is set annually by the Chief Financial Officer. See Fla. Stat. §§ 687.01 and 55.03. The prejudgment interest rate is the rate effective at the time of entitlement. TracFone Wireless, Inc. v. Hernandez, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016) (Martinez, J.).

Based upon GEICO's voluntary payments to the Defaulting Defendants, the Vanunu Decl. sets forth GEICO's proposed prejudgment interest calculation for the A&C Medical Defendants, Foot Treatment Defendants, and Simply Health Defendants that is consistent with the applicable statutes. See Vanunu Decl. ¶¶ 6-8.

**A.** **The A&C Medical Defendants**

A review of the payment history for A&C Medical indicates that GEICO voluntarily paid the A&C Medical Defendants a total of $805,069.03 for healthcare services purportedly performed between July 2014 and September 2016. See Oliva Decl. ¶¶ 6-7.

All of the payments issued by GEICO to A&C Medical occurred between September 2014 and June 2017, and GEICO's prejudgment interest is calculated from July 1, 2017 through April 30, 2020. Florida's Chief Financial Officer has set various yearly interest rates during the time period between July 1, 2017 and April 30, 2020. In total, GEICO respectfully submits that it is entitled to $139,759.98 in prejudgment interest, which is calculated based on the various rates set by Florida's Chief Financial Officer, as follows:

| **Florida's Judgment Interest Rate (Per Year)** | **Interest Rate Time Period** | **Effective Monthly Interest Rate** | **Proposed Judgment Amount** | **Proposed Prejudgment Interest** |
|---|---|---|---|---|
| 5.17% | July 1, 2017 - September 30, 2017 | 0.004308333 | $805,069.03 | $10,405.52 |
| 5.35% | October 1, 2017 - December 31, 2017 | 0.004458333 | $805,069.03 | $10,767.80 |
| 5.53% | January 1, 2018 - March 31, 2018 | 0.004608333 | $805,069.03 | $11,130.08 |
| 5.72% | April 1, 2018 - June 31, 2018 | 0.004766667 | $805,069.03 | $11,512.49 |
| 5.97% | July 1, 2018 - September 30, 2018 | 0.004975 | $805,069.03 | $12,015.66 |
| 6.09% | October 1, 2018 - December 31, 2018 | 0.005075 | $805,069.03 | $12,257.18 |
| 6.33% | January 1, 2019 - March 31, 2019 | 0.005275 | $805,069.03 | $12,740.22 |

| | | | | |
|---|---|---|---|---|
| 6.57% | April 1, 2019 - June 31, 2019 | 0.005475 | $805,069.03 | $13,223.26 |
| 6.77% | July 1, 2019 - September 30, 2019 | 0.005641667 | $805,069.03 | $13,625.79 |
| 6.89% | October 1, 2019 - December 31, 2019 | 0.005741667 | $805,069.03 | $13,867.31 |
| 6.83% | January 1, 2020 - March 31, 2020 | 0.005691667 | $805,069.03 | $13,746.55 |
| 6.66% | April 1, 2020 - April 30, 2020 | 0.00555 | $805,069.03 | $4,468.13 |

See Vanunu Decl. ¶ 6.

Accordingly, GEICO is entitled to a default final judgment against the A&C Medical Defendants, jointly and severally, in an amount totaling $944,829.01, which represents $805,069.03 in damages for voluntary payments plus $139,759.98 in prejudgment interest.

**B.     The Foot Treatment Defendants**

A review of the payment history for Foot Treatment indicates that GEICO voluntarily paid the Foot Treatment Defendants a total of $282,366.49 for healthcare services purportedly performed between October 2016 and April 2018. See Oliva Decl. ¶¶ 8-9.

All of the payments issued by GEICO to Foot Treatment occurred between November 2016 and May 2018, and GEICO's prejudgment interest is calculated from June 1, 2018 through April 30, 2020. Florida's Chief Financial Officer has set various yearly interest rates during the time period between June 1, 2018 and April 30, 2020. In total, GEICO is entitled to $34,996.97 in prejudgment interest, which is calculated based on the various rates set by Florida's Chief Financial Officer, as follows:

| **Florida's Judgment Interest Rate (Per Year)** | **Interest Rate Time Period** | **Effective Monthly Interest Rate** | **Proposed Judgment Amount** | **Proposed Prejudgment Interest** |
|---|---|---|---|---|
| 5.72% | June 1, 2018 - June 31, 2018 | 0.004766667 | $282,366.49 | $1,345.95 |
| 5.97% | July 1, 2018 - September 30, 2018 | 0.004975 | $282,366.49 | $4,214.32 |
| 6.09% | October 1, 2018 - December 31, 2018 | 0.005075 | $282,366.49 | $4,299.03 |
| 6.33% | January 1, 2019 - March 31, 2019 | 0.005275 | $282,366.49 | $4,468.45 |

11

| | | | | |
|---|---|---|---|---|
| 6.57% | April 1, 2019 - June 31, 2019 | 0.005475 | $282,366.49 | $4,637.87 |
| 6.77% | July 1, 2019 - September 30, 2019 | 0.005641667 | $282,366.49 | $4,779.05 |
| 6.89% | October 1, 2019 - December 31, 2019 | 0.005741667 | $282,366.49 | $4,863.76 |
| 6.83% | January 1, 2020 - March 31, 2020 | 0.005691667 | $282,366.49 | $4,821.41 |
| 6.66% | April 1, 2020 - April 30, 2020 | 0.00555 | $282,366.49 | $1,567.13 |

See Vanunu Decl. ₱ 7.

Accordingly, GEICO respectfully submits that it is entitled to a default final judgment against the Foot Treatment Defendants, jointly and severally, in an amount totaling $317,363.46, which represents $282,366.49 in damages for voluntary payments plus $34,996.97 in prejudgment interest.

**C.    The Simply Health Defendants**

A review of the payment history for Simply Health indicates that GEICO voluntarily paid the Simply Health Defendants a total of $459,792.37 for healthcare services purportedly performed between October 2015 and April 2018. See Oliva Decl. ₱₱ 10-11.

All of the payments issued by GEICO to Simply Health occurred between December 2015 and October 2018, and GEICO's prejudgment interest is calculated from November 1, 2018 through April 30, 2020. Florida's Chief Financial Officer has set various yearly interest rates during the time period between November 1, 2018 and April 30, 2020. In total, GEICO is entitled to $45,599.91 in prejudgment interest, which is calculated based on the various rates set by Florida's Chief Financial Officer, as follows:

| **Florida's Judgment Interest Rate (Per Year)** | **Interest Rate Time Period** | **Effective Monthly Interest Rate** | **Proposed Judgment Amount** | **Proposed Prejudgment Interest** |
|---|---|---|---|---|
| 6.09% | November 1, 2018 - December 31, 2018 | 0.005075 | $459,792.37 | $4,666.89 |
| 6.33% | January 1, 2019 - March 31, 2019 | 0.005275 | $459,792.37 | $7,276.21 |
| 6.57% | April 1, 2019 - June 31, 2019 | 0.005475 | $459,792.37 | $7,552.09 |

12

| 6.77% | July 1, 2019 - September 30, 2019 | 0.005641667 | $459,792.37 | $7,781.99 |
| 6.89% | October 1, 2019 - December 31, 2019 | 0.005741667 | $459,792.37 | $7,919.92 |
| 6.83% | January 1, 2020 - March 31, 2020 | 0.005691667 | $459,792.37 | $7,850.95 |
| 6.66% | April 1, 2020 - April 30, 2020 | 0.00555 | $459,792.37 | $2,551.85 |

See Vanunu Decl. ¶ 8.

Accordingly, GEICO respectfully submits that it is entitled to a default final judgment against the Simply Health Defendants, jointly and severally, in an amount totaling $505,392.28, which represents $459,792.37 in damages for voluntary payments plus $45,599.91 in prejudgment interest.

WHEREFORE, GEICO respectfully requests that this Court enter default final judgments, as follows:

(i) Judgment against A&C Medical declaring that A&C Medical has no right to receive payment for any pending bills submitted to GEICO;

(ii) Judgment against the A&C Medical Defendants, jointly and severally, totaling $944,829.01, of which $805,069.03 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

(iii) Judgment against Foot Treatment declaring that Foot Treatment has no right to receive payment for any pending bills submitted to GEICO;

(iv) Judgment against the Foot Treatment Defendants, jointly and severally, totaling $317,363.46, of which $282,366.49 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

(v) Judgment against Simply Health declaring that Simply Health has no right to receive payment for any pending bills submitted to GEICO; and

(vi) Judgment against the Simply Health Defendants, jointly and severally, totaling $505,392.28, of which $459,792.37 shall accrue post judgment interest pursuant to Fla. Stat. 55.03(1) until paid.

A proposed order for the A&C Medical Defendants is attached hereto as Exhibit "3", a proposed order for the Foot Treatment Defendants is attached hereto as Exhibit "4", and a proposed order for the Simply Health Defendants is attached hereto as Exhibit "5".

Respectfully submitted,

*/s/ Michael Vanunu*
Michael Vanunu (admitted pro hac vice)
New York Bar No. 4983953
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone (516) 357-3000
Facsimile (516) 357-3333
michael.vanunu@rivkin.com

and

Lindsey R. Trowell (FBN 678783)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger@sgrlaw.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record or on the defendants, for those who have no counsel of record, as indicated on the attached service list, via Federal Express pursuant to the Court's Order on Default Final Judgment Procedure.

> */s/ John P. Marino*
> Attorney

**SERVICE LIST**

| **Via ECF** | **Via FedEx** |
|---|---|

Lindsey R. Trowell (FBN 678783)
John P. Marino (FBN 814539)
Kristen Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger @sgrlaw.com

and

Michael Vanunu (admitted pro hac vice)
New York Bar No. 4983953
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone (516) 357-3000
michael.vanunu@rivkin.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

Stuart Barry Yanofsky
8551 W Sunrise Boulevard, Suite 210
Plantation, FL 33322
Phone: 954-473-0117
stuart@stuartyanofsky.com

*Attorneys for Defendant Elizandro Menendez, Pilar M. Crespo Castro, LMT, Simply Health Care, Inc.*

Gabriel Wong, L.M.T.
559 West 6th Drive
Hialeah, FL 33012

A & C Medical Center Services, Corp.
10520 NW 36th Place
Miami, FL 33147

Reinier Rodriguez
10520 NW 36th Place
Miami, FL 33147

Foot Treatment Center, Inc.
10700 Caribbean Blvd.
Miami, FL 33189