UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 18-24198-CIV-MARTINEZ-OTAZO-REYES

GOVERNMENT EMPLOYEES INSURANCE
CO., et al.,

    Plaintiffs,

vs.

A & C MEDICAL CENTER SERVICES,
CORP., et al.,

    Defendants.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiffs' Motion and Supporting Memorandum for Default Final Judgment. [ECF No. 179]. The Court has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. A Clerk's Default has been entered against Defendants A & C Medical Services Corp.; Foot Treatment Center, Inc.; Reinier Rodriguez; Gabriel Wong, LMT; Simply Health Care, Inc.; Elizandro Menendez; and Pilar M. Crespo Castro for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiffs. [ECF Nos. 60, 61, 83, 97, 171]. Counsel for Plaintiffs filed supporting documentation as to the amount due from the defaulting Defendants.

Plaintiffs assert entitlement to default judgment as to their various claims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), common law fraud, and unjust enrichment. Plaintiffs also seek default declaratory judgments against certain clinic Defendants.[1]

---

[1] Though Plaintiffs also asserted various RICO claims and claims under Florida's Civil Remedies for Criminal Practices Act against the defaulting Defendants, Plaintiffs do not seek final default judgment against Defendants on these claims.

Briefly, Plaintiffs allege that the above defaulting Defendants submitted a massive amount of fraudulent no-fault "personal injury protection" or "PIP" insurance billing to Plaintiffs through Foot Treatment, A&C Medical, and Simply Health, respectively. Plaintiffs allege that these healthcare services were not lawfully provided, lawfully billed, or eligible for PIP reimbursement because most of the purported physical therapy services that were billed were performed—if performed at all—by unsupervised massage therapists. Florida law precludes PIP reimbursement for massages or for services performed by unsupervised massage therapists. Plaintiffs also allege that Defendants attempted to create the false appearance that the putative "physical therapy" services were eligible for PIP reimbursement by falsely representing that the services had been performed under the direct supervision of a licensed physician. Finally, Plaintiffs allege that Defendants' billing for the services misrepresented the nature, extent, and medical necessity of the services, and in many cases, falsely represented that the pertinent healthcare services had ever been performed in the first instance.

The Court may enter a default judgment when the well-pleaded allegations in a complaint adequately state a claim for which relief may be granted. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 760, 863 (11th Cir. 2007). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Eagle Hosp. Physicians,* 561 F.3d at 1307. Additionally, "[a] default judgment awarding damages may be entered without a hearing where the amount claimed is a liquidated sum or one capable of mathematical calculation." *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016) (quotations omitted). Finally, the Court may enter a default declaratory judgment in favor of a plaintiff-insurer, ordering that the plaintiff-insurer is not liable to pay outstanding PIP bills as a result of a healthcare provider's fraud or violations of Florida law.

*See Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1330 (11th Cir. 2016); *State Farm Mutual Auto. Ins. Co. v. Miami Med. Care Cntr., Inc.*, No. 15-CV-22660-DPG, 2016 WL 6962872 (S.D. Fla. Nov. 29, 2016).

After reviewing the Complaint and Plaintiffs' proof of damages, including the Oliva Declaration, the Court finds that the facts pleaded and alleged against the defaulting Defendants are legally sufficient to state claims for declaratory judgments, violations of FDUPTA, common law fraud, and unjust enrichment.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Plaintiffs' Motion and Supporting Memorandum for Default Final Judgment, [ECF No. 179], is **GRANTED**. Judgment is **ENTERED** in favor of Plaintiffs GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO. Judgment is entered against Defendants A & C MEDICAL SERVICES, CORP.; FOOT TREATMENT CENTER, INC.; REINIER RODRIGUEZ; GABRIEL WONG, LMT; SIMPLY HEALTH CARE, INC.; ELIZANDRO MENENDEZ; and PILAR M. CRESPO CASTRO.

2. Plaintiffs are entitled to the following, for which sums let execution issue:

    a) A declaratory judgment against Defendant A & C Medical Services Corp., declaring that A & C Medical has no right to receive payment for any pending bills submitted to Plaintiffs;

    b) Judgment against Defendants A & C Medical Services Corp. and Reinier Rodriguez, jointly and severally, **in the total amount of $944,829.01**, of which $805,069.03 in damages shall accrue post-judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

      c)      A declaratory judgment against Foot Treatment Center, Inc., declaring that Foot Treatment Center, Inc. has no right to receive payment for any pending bills submitted to Plaintiffs;

      d)      Judgment against Defendants Foot Treatment Center, Inc., Reinier Rodriguez, and Gabriel Wong, LMT, jointly and severally, **in the total amount of $317,363.46**, of which $282,366.49 in damages shall accrue post-judgment interest pursuant to Fla. Stat. 55.03(1) until paid;

      e)      A declaratory judgment against Simply Health Care, Inc., declaring that Simply Health Care, Inc., has no right to receive payments for any pending bills submitted to Plaintiffs; and

      f)      Judgment against Defendants Simply Health Care, Inc., Elizandro Menendez, and Pilar M. Crespo Castro, jointly and severally, **in the total amount of $505,392.28**, of which $459,792.37 in damages shall accrue post-judgment interest pursuant to Fla. Stat. 55.03(1) until paid.

3.      Plaintiffs shall immediately send a copy of this Order to Defendants and file a certificate of service on the record.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of May, 2020.

*[signature]*
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record